UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LIAM ALEXANDER, )<br>)<br>    Plaintiff, )<br>)<br>    v. )<br>)<br>MPD, )<br>)<br>    Defendant. ) | Civil Action No. 24-2551 (UNA) |

**MEMORANDUM OPINION**

This matter is before the Court on review of plaintiff's *pro se* complaint, ECF No. 1, and application for leave to proceed *in forma pauperis*, ECF No. 2. The Court will grant the *in forma pauperis* application and dismiss the complaint without prejudice.

Complaints filed by *pro se* litigants are held to "less stringent standards" than those applied to pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Still, *pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. FED. R. CIV. P. 8(a). It "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer, mount an adequate defense, and determine

whether the doctrine of res judicata applies.  *See Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

Plaintiff, of Albany, New York, allegedly was arrested by an unidentified officer of the Metropolitan Police Department.  The complaint alleges no facts whatsoever regarding the date of plaintiff's arrest, the circumstances under which the officer arrested him, or the harassment and abuse plaintiff supposedly experienced.  Similarly, there are no facts regarding the "catastrophic personal and professional damages as well as life-threatening medical complications," Compl. at 4, allegedly sustained as a result of the arrest, or supporting an award of $50 million, *see id*.

As drafted, the complaint fails to meet the minimal pleading standard set forth in Rule 8(a).  An Order will issue separately.

DATE: October 15, 2024                                    CARL J. NICHOLS
                                                          United States District Judge